UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| ERIC ANTHONY JOHNSON, | ) |
| Plaintiff, | ) |
| | ) No. 0:18-CV-37-HRW-HAI |
| v. | ) |
| | ) |
| MILLER, *et al.*, | ) REPORT & RECOMMENDATION |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

On October 30, 2018, this *pro se* civil rights case was consolidated with case number 0:18-CV-38-HRW. D.E. 20. The matters had already been referred to the undersigned to issue a recommended disposition. D.E. 10. The operative complaints are Docket Entry #1 in this case and Docket Entries #1 and #5 in 0:18-CV-38-HRW. Before the Court are three motions filed by Defendants. The first is a motion to dismiss for failure to prosecute. D.E. 21. The second is a motion "to deem requests for admissions admitted and for summary judgment based on those admissions." D.E. 22. The third is a motion for summary judgment, accompanied by a memorandum and affidavit. D.E. 23.

As District Judge Wilhoit previously explained (D.E. 4 at 2), Plaintiff Eric Anthony Johnson essentially raises five claims in these three complaints.

First, Johnson alleges that, on February 12, 2018, four fellow-inmates at the Boyd County Detention Center "jumped" him and "kicked out" his teeth. D.E. 1 at 2. He alleges four prison officers failed to protect him from the assault. Johnson acknowledges he was taken to a hospital that day but claims that severe headaches and pain and infection in his mouth have persisted. *Id.*

He requests $150,000 in compensatory damages from each of the four officers, plus $75,000 from each in punitive damages. *Id*. at 3.

Second, Johnson claims he "was sexually assaulted by several inmates" in October 2017, and prison officials displayed deliberate indifference to that situation. 0:18-CV-38, D.E. 1; D.E. 5 at 3-4.

Johnson's third claim is that, over several months, a registered nurse at the prison failed to provide him with medication to treat his mental health problems, causing him to see things, hear voices, and suffer from paranoia. 0:18-CV-38, D.E. 1; D.E. 5 at 4.

The fourth claim is that there were unclean and unsanitary conditions at the prison, including black mold, which caused him emotional distress and breathing problems. *Id*. D.E. 1; D.E. 5 at 5.

The fifth claim is that a prison officer "threatened" him in November 2017, causing him to fear for his life. *Id*. D.E. 5 at 5-6.

On the latter four claims, Johnson seeks $200,000 in compensatory damages (plus future "longterm health care costs"), $100,000 in punitive damages, and $250 per day "spent under these conditions." *Id*. at 6.

Johnson filed a notice of address change in August 2018 after his release from jail. D.E. 17. But he failed to timely respond to the motion to consolidate in October and to the three pending dispositive motions that the Court now considers. As Joint Local Civil Rule 7.1(c) warns, "Failure to timely respond to a motion may be grounds for granting the motion."

## I.

First, Defendants move for dismissal under Federal Rule of Civil Procedure 41(b). D.E. 21. That rule states:

> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Sixth Circuit has identified four factors to evaluate a District Court's dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). These factors weigh against dismissal for failure to prosecute.

The first factor "requires a clear record of delay or contumacious conduct," meaning "behavior that is perverse in resisting authority and 'stubbornly disobedient.'" *Id.* at 704-05 (internal quotation marks omitted). The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings. *Id.* at 705. Concerning the second factor, a defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide. *Id.* at 707.

According to Defendants, they propounded discovery on June 12, 2018, including interrogatories, requests for admissions, and requests for production of documents. D.E. 21 at 2. Johnson filed limited responses in the record, including signed release forms for employment and medical records. *See* D.E. 16; 0:18-CV-38, D.E. 18. But no discovery responses were sent by mail, and Johnson never responded to the requests for admissions. D.E. 21 at 2. Defendants argue they "have been prejudiced by Plaintiff's failure and refusal to answer virtually any

3

discovery regarding Defendants['] claims and at this stage of the litigation there are no less drastic sanctions which may be imposed absent reopening discovery[.]" *Id*. at 3. Defendants do not specify whether they seek dismissal with or without prejudice.

The Court cannot recommend dismissal with prejudice on these grounds. First, the record does not rise to the level of clear delay or contumacious conduct. Defendants could have taken other, less drastic, steps before moving for dismissal. The Court has not yet had an opportunity to order Johnson to comply with his discovery obligations; it could be that he would have done so if given a clear directive. Johnson's incomplete discovery responses could have resulted from an innocent oversight or misunderstanding. The record does not indicate an intent to thwart judicial proceedings or a reckless disregard for the effect of Johnson's conduct on those proceedings. Johnson also has not been warned by the Court that his incomplete discovery responses could result in dismissal. The first and third Rule 41(b) factors thus weigh against dismissal with prejudice. So does the fourth factor, which considers whether less drastic sanctions could be imposed. Here, as Defendants note, discovery could be reopened. Additionally, the case could be dismissed without prejudice.

The only factor that might weigh in favor of dismissal with prejudice is the second, which considers prejudice to Defendants. If Johnson has indeed abandoned this case (which is not clear), then Defendants have expended significant unnecessary resources in defending the case. On the other hand, Johnson did provide some discovery responses (albeit incomplete ones that were not mailed to Defendants). And he noticed a change of address in August 2018. The Court has already noted that, under Joint Local Civil Rule 7.1(c), failure to respond to a motion may be grounds for granting the motion. But, in the current posture, the Sixth Circuit's four-factor test controls. And those factors, considered together, weigh against dismissal with prejudice.

Because the Court will recommend granting summary judgment in favor of Defendants, it is not necessary to delve further into the appropriate remedy for Johnson's failure to prosecute.

## II.

Defendants' second and third motions operate in tandem. The second motion concerns Johnson's failure to respond to requests for admissions. D.E. 22. Defendants argue that the admissions should be deemed admitted. Once this is done, Defendants argue, there are no disputes of material fact and Defendants are entitled to judgment as a matter of law. *Id*. at 5. Accordingly, the second motion asks that the admissions be deemed conclusively established. *Id*. at 5-6.

Defendants' third motion more fully fleshes out how Johnson's claims fail because of his failure to deny the requests for admissions. D.E. 23.

Federal Rule of Civil Procedure 36(a)(3) states: "**(3)** *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . ." Fed. R. Civ. P. 36(a)(3). Further, Rule 36(b) states, "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. . . ."

> Rule 36 permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). By operation of law, "[a] matter *is admitted unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3) (emphasis added). Further, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

5

*Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017). Thus, by never responding to Defendant's requests for admissions, or filing a motion for relief, Johnson admitted and conclusively established as fact all statements therein. *Id.*; *see also Scheffler v. Lee*, No. 18-5005, 2018 WL 4849690, at *4 n.2 (6th Cir. Oct. 5, 2018).

Defendants' requests for admissions in 0:18-CV-37 state:

**Request No. 1:** Please admit, that Deputy Jailer Miller, Deputy Jailer Mckinze (a.k.a. Mckenzie), Deputy Jailer Cantrell and Deputy Jailer Layne responded appropriately to the February 12, 2018, incident involving four other inmates.

**Request No 2:** Please admit, that Eric Anthony Johnson, received appropriate care and treatment to any and all medical complaints that he has incurred during the time he has been incarcerated at Boyd County Detention Center.

**Request No. 3:** Please admit, that Deputy Jailer Miller, Deputy Jailer Mckinze (a.k.a. Mckenzie), Deputy Jailer Cantrell and Deputy Jailer Layne have properly followed the policies and procedure at Boyd County Detention Center at all times during the time in which Eric Anthony Johnson, has been incarcerated at Boyd County Detention Center.

**Request No. 4:** Please admit, that each and every duty, which have been alleged to have been breached by the Defendants in the Plaintiff's Complaint, is a discretionary duty.

**Request No. 5:** Please admit, that you have no facts or evidence to support your claims.

**Request No. 6:** Please admit, that you have no facts to support your claims.

D.E. 22-1 at 1-2. The requests in 0:18-CV-38 state:

**Request No. 1:** Please admit, that Eric Johnson has failed to exhaust his administrative remedies.

**Request No 2:** Please admit, that Eric Anthony Johnson, received appropriate care and treatment to any and all medical complaints that he has incurred during the time he has been incarcerated at Boyd County Detention Center.

**Request No. 3:** Please admit, that JAILER JOSEPH BURCHETT, DEPUTY JAILER FANNIN, DEPUTY JAILER MILLER, DEPUTY JAILER LAYNE, DEPUTY JAILER MCKENZIE, and DEPUTY JAILER CANTRELL have properly followed the policies and procedure at Boyd County Detention Center at

6

>all times during the time in which Eric Anthony Johnson, has been incarcerated at Boyd County Detention Center.
>
>**Request No. 4:** Please admit, that each and every duty, which have been alleged to have been breached by the Defendants in the Plaintiff's Complaint, is a discretionary duty.
>
>**Request No. 5:** Please admit, that you have no facts or evidence to support your claims.
>
>**Request No. 6:** Please admit, that you have no facts to support your claims.

D.E. 22-2 at 1-2.

These admitted facts are now "conclusively established." And they compel a finding that there is no genuine dispute as to any material fact in this case and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Kand Med., Inc. v. Freund Med. Prods., Inc.*, 963 F.2d 125, 127 (6th Cir. 1992). To warrant summary judgment, the moving party does not need his own evidence, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations in the pleadings, but must point to evidence of record in affidavits, depositions, and discovery which demonstrates that a factual question remains for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003). "A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts." *United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993). The Court reviews all the evidence presented by the parties in a light most favorable to the responding party and draws all reasonable factual inferences in his favor. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Here, in relation to each of his five claims, Johnson admits that he possesses "no facts or evidence to support [his] claims." D.E. 22-1 at 2; D.E. 22-2 at 2. Granted, this is an extremely broad admission. But even absent this "no facts or evidence" admission, the more specific admissions serve to defeat each of his five claims.

"It appears well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive." *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966); *see also Cont'l Ref. Co., LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 6:17-CV-74-REW-EBA, 2018 WL 4791057, at *6 (E.D. Ky. Oct. 4, 2018) (granting summary judgment when a party's Rule 36 admission "alone [was] conclusive and dispositive of the issue"); *Lattanzio v. Brunacini*, No. 5:16-CV-171-DCR, 2018 WL 3421825, at *3 (E.D. Ky. July 13, 2018) (granting summary judgment on the basis of requests for admissions untimely responded to); *Brown v. Stacy*, No. 6:16-CV-91-DLB-EBA, 2017 WL 8813480, at *9 (E.D. Ky. Dec. 5, 2017) ("As a simple fact of procedural law . . . a district court may grant summary judgment whenever and wherever such judgment is called for under Fed. R. Civ. P. 56, regardless of whether the established facts making such judgment appropriate arise under Fed. R. Civ. P. 36 admissions."), *report and recommendation adopted*, 2018 WL 672643 (E.D. Ky. Feb. 2, 2018). Rule 36 is no "paper tiger," and admissions that "constitute matters which are dispositive of [the] case" provide a basis for granting summary judgment. *Equal Employment Opportunity Comm'n v. Baby Prod. Co.*, 89 F.R.D. 129, 132 (E.D. Mich. 1981).

Such is the case here. Defendants report that Johnson failed to respond to requests for admissions. Johnson has not moved under Rule 36 to withdraw or amend the admissions. Nor has he responded to the motion for summary judgment. Under these circumstances, and

8

accepting the admissions as true, there is no genuine dispute as to any material fact on any of Johnson's five claims, and Defendants are entitled to judgment as a matter of law.

## A.

Specifically, Defendants first argue that Johnson's admissions establish conclusively that he has failed to exhaust his administrative remedies. D.E. 23-1 at 9. The Prison Litigation Reform Act ("PLRA") provides: "No action shall be brought with respect to prison conditions under 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e.; *see also Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all lawsuits by inmates regarding prison life "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). And proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The prison grievance system must be "given a fair opportunity to consider the grievance," which requires the prisoner to comply "with the system's critical procedural rules." *Id*. at 95.

By failing to respond in discovery, Johnson has, by operation of Rule 36(a)(3), admitted that "has failed to exhaust his administrative remedies." D.E. 22-2 at 1. This failure to exhaust alone provides sufficient reason to grant summary judgment to Defendants on each of Johnson's five claims.

## B.

Second, Defendants argue that Johnson's admissions torpedo his Eighth Amendment claims. D.E. 23-1 at 9. To succeed on an Eighth Amendment claim related to a prisoner's

9

medical treatment, the prisoner must prove that the prison officials unnecessarily and wantonly inflicted pain by acting with deliberate indifference toward the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also O'Bryan v. Fed. Bureau of Prisons*, No. 6:07-CV-76-DCR, 2007 WL 2571906, at *4 (E.D. Ky. Sept. 4, 2007). To prove a deliberate indifference claim, the plaintiff must establish both an objective element (that the medical condition was sufficiently serious) and a subjective element (that prison officials knew of, but consciously disregarded, a substantial risk of harm to the plaintiff's health). *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

Here, Johnson has admitted that he "received appropriate care and treatment to any and all medical complaints that he has incurred during the time he has been incarcerated at Boyd County Detention Center." D.E. 22-1 at 1; D.E. 22-2 at 1. This admission prevents Johnson from proving his allegations that (1) a nurse withheld important medications, (2) Johnson did not receive proper medical treatment following the February 2018 attack or the October 2017 sexual assault, and that (3) deliberate indifference by prison officers led to hazardously unsanitary conditions in his cell. Thus, Johnson's admissions provide a basis for granting summary judgment to defendants on these aspects of his complaints.

## C.

Third, Defendants argue that Johnson's admissions prevent him from proving any other civil rights claim. D.E. 23-1 at 13. A claim under 42 U.S.C. § 1983 requires a showing that the named defendants personally violated the plaintiff's rights. A supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988).

10

Here, Johnson has admitted that the named defendants "responded appropriately to the February 12, 2018, incident[.]" D.E. 22-1 at 1. This forecloses a verdict in his favor on his first claim concerning prison officials' response to the alleged assault.

### D.

As a final matter, Johnson's fifth claim appears to have been overlooked to some extent. In his longer complaint in the 0:18-CV-38 case, Johnson names Deputy Jailer John Hale among the defendants. 0:18-CV-38-HRW, D.E. 5 at 1. Hale is subject of what Judge Wilhoit described as the fifth claim, that "Johnson claimed a prison officer threatened him months ago." *Id*. D.E. 4 at 2. It appears that Hale's name was left out of Judge Wilhoit's order and no service packet was sent to him. *Id*. at 4. Thus, Hale has not been listed as a Defendant in this case. The requests for admissions likewise make no reference to Hale or the alleged incident where he threatened Johnson. D.E. 22-2 at 1-2.

Nevertheless, Johnson has taken no steps to correct this omission. And his admissions are broad enough to foreclose relief against Deputy Jailer Hale, even if he had appeared in this matter. As previously discussed, Johnson admits that he has failed to exhaust his administrative remedies and that he has no facts or law to support his claims. Accordingly, his fifth claim fails as well, and Defendants are entitled to summary judgment.

### III.

Based on the foregoing analysis, the undersigned **RECOMMENDS** that:

(1)   Defendants' motion to dismiss for failure to prosecute (D.E. 21) be **DENIED.**

(2)   Defendants' motion to deem requests for admissions admitted (D.E. 22) be **GRANTED.**

11

(3) Defendants' motion for summary judgment (D.E. 23) be **GRANTED** as to each of Johnson's claims based on his admissions.

Any objection to this recommendation must be asserted in response to this Report & Recommendation. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report & Recommendation, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Court**. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 9th day of January, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge